**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TOBY LAMB, II,                                    Case No. 1:19-cv-108
        Plaintiff,

                                                  Black, J.
    vs                                            Litkovitz, M.J.

JOSH CARVER, et al.,                              **REPORT AND**
        Defendants.                               **RECOMMENDATION**

        Plaintiff, an inmate at the Southern Ohio Correctional Facility, has filed a pro se civil

rights complaint, which the Court construes as filed pursuant to 42 U.S.C. § 1983,[1] against police

officer Josh Carver; New Boston, Ohio, Police Department; and Portsmouth, Ohio, Police

Department.  Plaintiff alleges that defendants violated his constitutional rights during a traffic

stop on October 16, 2015.  (Doc. 1-1).  By separate Order, plaintiff has been granted leave to

proceed *in forma pauperis.*

        This matter is before the Court for a *sua sponte* review of the complaint to determine

whether the complaint or any portion of it should be dismissed because it is frivolous, malicious,

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C.

§ 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**I.      Screening of Complaint**

**A.      Legal Standard**

        In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

---

[1]*See Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) (noting that "the district court properly construed the complaint as filed under 42 U.S.C. § 1983 as this circuit does not recognize direct constitutional claims against local officials and municipalities").  *See also Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

2

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

The entirety of plaintiff's Statement of Claim reads as follows:

> At approximately 5:00 AM October 16th 2015 Officer Josh Carver saw "two black males" in the passenger compartment of a car on St. Rt. 139 and proceeded to do a traffic stop violating [plaintiff's] constitutional and civil rights. This is stated in the incident report he filed.

> At trial March 13th 2017 when Josh Carver was asked if he pulled the car over because there were blacks in the car he answered "Yes Sir" as stated in the trial transcripts pg. 87 line 1.

> New Boston and Portsmouth Police Departments promote this violation of human and civil rights.

(Doc. 1-1, at PageID 18). For relief, plaintiff seeks money damages. (*Id.* at PageID 19).

3

C.    Analysis

Under relevant screening standards, plaintiff's complaint should be dismissed with

prejudice in its entirety as barred by the statute of limitations. Plaintiff's complaint is governed

by Ohio's two-year statute of limitations found in Ohio Rev. Code § 2305.10. *See Browning v.*

*Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Although the statute of limitations is normally an

affirmative defense raised by defendants in an answer, "if a statute of limitations defense clearly

appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v.*

*Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d

Cir. 1995)); *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002)

("Because the statute of limitations defect was obvious from the face of the complaint, sua

sponte dismissal of the complaint was appropriate."). Moreover, "[w]here a particular claim is

barred by the applicable statute of limitations, it does not present an arguable or rational basis in

law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Fraley v. Ohio*

*Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

"[T]he accrual of a § 1983 cause of action is a question of federal law that is *not* resolved

by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, the statute of

limitations for filing an action alleging a constitutional violation begins to run "when the plaintiff

knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn.*

*Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). "[I]n determining when the cause

of action accrues in section 1983 actions, we have looked to what event should have alerted the

typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle Bros., Inc. v. Cty. of Geauga*,

103 F.3d 516, 520 (6th Cir. 1997)).

The conduct underlying plaintiff's claim occurred in October 2015, when the car in

4

which he was a passenger was pulled over. (*See* Doc. 1-1, at PageID 18). Plaintiff was or

should have been aware of the alleged injuries on the date they occurred. *See Colwell v. Holiday*

*Inn, Inc.*, No. 1:12-cv-661, 2014 WL 3342568, at *2 (S.D. Ohio Jul. 8, 2014) (Barrett, J.) ("A

Fourth Amendment claim based on search and seizure accrues on the date of the alleged illegal

search and seizure.") (citing *Hornback v. Lexington-Fayette Urban Cty. Gov't*, 905 F. Supp.2d

747, 750 (E.D. Ky. 2012), *aff'd*, 543 F. App'x 499 (6th Cir. 2013)); *see also Wheeler v. Dayton*

*Police*, No. 3:12-cv-00182, 2012 WL 2190850, at *2 (S.D. Ohio June 14, 2012) (Ovington, J.)

(Report & Recommendation) (finding that plaintiff's claim that officers approached him as he sat

in a truck and proceeded to search him based on "racial profil[ing]" accrued on the date of the

alleged search), *adopted*, 2012 WL 3234415 (S.D. Ohio Aug. 7, 2012) (Rose, J.). Plaintiff,

however, did not file his complaint until over three years after the challenged traffic stop—more

than one year after the limitations period expired.

Because petitioner's complaint is barred by the statute of limitations, this Court need not

determine whether plaintiff's complaint is also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-

87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

been [overturned]."). *See, e.g., Saunders-El v. Fisher*, No. 1:10-cv-264, 2010 WL 6729155, at

*5 n.3 (E.D. Va. Mar. 23, 2010) ("Because plaintiff's claim is time-barred, it is unnecessary to

consider whether it otherwise would be precluded by the holding of *Heck*."). The undersigned

notes, however, that *Heck*, if applicable, would not provide a basis for tolling the limitations

period in this case. *See Wallace*, 549 U.S. at 388 (clarifying that statute of limitations begins to

run when the litigant "has a complete and present cause of action"). Nor has plaintiff pleaded

any facts in his complaint that would give rise to tolling under Ohio state law. *See id.* at 394

("We have generally referred to state law for tolling rules, just as we have for the length of

statutes of limitations."); *see also* Ohio Rev. Code § 2305.16 (setting forth two disabilities—

being within the age of minority and being of unsound mind—that toll the statute of limitations

for actions, such as this one, that are governed by Ohio Rev. Code § 2305.10).

Accordingly, plaintiff's claims are time-barred and the complaint should be dismissed as

frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1-1) be **DISMISSED with prejudice** pursuant to

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing

reasons an appeal of any Order adopting this Report and Recommendation would not be taken in

good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v.

Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

3/12/19
Date

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TOBY LAMB, II,
    Plaintiff,

    vs

JOSH CARVER, et al.,
    Defendants.

Case No. 1:19-cv-108

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).