**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| TOBY LAMB, II, | : | Case No. 1:19-cv-108 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| JOSH CARVER, *et al*. | : | |
| Defendants. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 4)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on March 12, 2019, submitted a Report and Recommendation (Doc. 4). Plaintiff Lamb timely filed objections (Doc. 5).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all the filings in this matter. Upon consideration of the foregoing and careful review of Plaintiff's objections, the Court finds that the Report and Recommendation (Doc. 4) should be and is hereby adopted in its entirety.

The Magistrate Judge cited the entirety of Plaintiff's complaint in the Report and Recommendation. (Doc. 4 at 3 (citing Doc. 1-1 at 5)). Plaintiff alleges that Defendant Officer Josh Carver "proceeded to do a traffic stop" of a car in which Plaintiff was a passenger on October 16, 2015. (*Id*.) Plaintiff alleges that Officer Carver's incident

report states that there were "two black males" in the car, and that Officer Carver conducted the traffic stop in violation of Plaintiff's constitutional and civil rights. (*Id*.) Plaintiff further avers that, on March 13, 2017, Officer Carver testified at a trial that he pulled the car over because "there were blacks in the car." (*Id*.)

The Magistrate Judge recommends dismissing Plaintiff's complaint as time-barred because Plaintiff's claim accrued on the date of the traffic stop, and the complaint was filed beyond the two-year statute of limitations pursuant to Ohio law. (Doc. 4 at 4–5). Plaintiff objects to this recommendation, arguing that the Magistrate Judge incorrectly determined that the date his cause of action accrued was October 16, 2015 – the date of the traffic stop. (Doc. 5). Instead, Plaintiff contends that the accrual date is March 13, 2017, because that is the date Officer Carver testified that the traffic stop was based on race. (*Id*.) Thus, Plaintiff argues that March 13, 2017 is the date he knew or had reason to know of his cause of action, and his February 8, 2019 complaint is timely. (Doc. 1-1).

Plaintiff's objection is not well-taken. As the Magistrate Judge discussed, "in determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." (Doc. 4 at 4 (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007))). In this case, the "event" giving rise to Plaintiff's claim was October 16, 2015, the date Plaintiff alleges "Officer Carver saw 'two black males' in the passenger compartment of a car…and proceeded to do a traffic stop….violating [Plaintiff's] constitutional and civil rights. This is stated in the incident report [Officer Carver] filed." (Doc. 1-1 at 5). And, although this Court recognizes that Officer Carver's trial testimony

provided additional support for the claim, the traffic stop is the date the Plaintiff

"discovered (or should have discovered) the cause of action." *Dibrell v. City of*

*Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) (citation omitted).[1]

Accordingly, for the reasons stated above:

1. The Report and Recommendation (Doc. 4) is **ADOPTED**;

2. Plaintiff's objections (Doc. 5) are **OVERRULED**;

3. Plaintiff's complaint is **DISMISSED with prejudice**;

4. The Court certifies that pursuant to 28 U.S.C. § 1915(a), an appeal of this Order would not be taken in good faith and therefore Plaintiff is denied leave to appeal *in forma pauperis*; and

5. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:   5/6/2021            *s/Timothy S. Black*
                            Timothy S. Black
                            United States District Judge

---

[1] *Dibrell* was decided after the Report and Recommendation was submitted. In *Dibrell*, the Sixth Circuit analyzed whether the standard accrual rule for federal claims – *i.e.*, "when the plaintiff has a complete and present cause of action" – or the discovery rule – *i.e.*, "when the plaintiff discovered (or should have discovered) the cause of action" – applies to § 1983 claims. *Dibrell*, 984 F.3d at 1161–62 (discussing *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019)). The Court declined to resolve any tension between the rules, concluding that under either rule, the § 1983 action was time-barred. *Id.* The same is true here. "If the standard rule were to apply here, the limitations period for a claim involving a [racial profiling] would commence to run from the date of the [profiling] because the plaintiff has a complete cause of action at that point." *Id.* at 1162. "And if the discovery rule were to apply, [Plaintiff's] knowledge that he had been [involved in a traffic stop] (allegedly [race-based]) would start the clock on the same date. Either approach thus would have triggered the statute of limitations on [October 16, 2015]." *Id.* at 1162. *See also Delaney v. Johnson City, Tenn. Police Dep't*, No. 2:09-CV-269, 2011 WL 540295, at *3, (E.D. Tenn. Feb. 4, 2011) (racial profiling accrued on the date of the traffic stop).